UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,      )<br>                              )<br>           Plaintiff,          )<br>                              )<br>     v.                       )<br>                              )<br>QUINTRAKEOUS CHERY,           )<br>                              )<br>           Defendant.         )<br>_____) | CASE NO.   CR05-391-RSM<br><br>DETENTION ORDER |

Offense charged:

   Count 1:    Conspiracy to Distribute Controlled Substances, in violation of Title 21, U.S.C., Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(C), and 846.

Date of Detention Hearing: November 17, 2005.

   The Court, having conducted an uncontested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.  The Government was represented by Ron Friedman and Richard Cohen.  The defendant was represented by Michelle Shaw.

DETENTION ORDER
PAGE -1-

The Government filed a Motion for Detention, to which the defendant stipulated, reserving the right to re-open the matter

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) There is probable cause to believe the defendant committed the drug offense. The maximum penalty is in excess of ten years. There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2) It appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community.

(3) The defendant has stipulated to detention.

**It is therefore ORDERED**:

(l) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

//

1  (4)  The clerk shall direct copies of this order to counsel for the United
2       States, to counsel for the defendant, to the United States Marshal, and to
3       the United States Pretrial Services Officer.
4  DATED this 23rd day of November, 2005.

MONICA J. BENTON
United States Magistrate Judge